ANDREW KALINOWSKY, PLAINTIFF, v. LOUIS KAPLOWITZ AND BENJAMIN KAPLOWITZ, PARTNERS, TRADING UNDER THE NAME OF JERSEY TIRE COMPANY, DEFENDANTS.

Decided March 18, 1929.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the rule, *Henry Golenbock*.

*Contra, David T. Wilentz*.

PER CURIAM.

There was a verdict at the Middlesex Circuit in favor of the plaintiff and against the defendants for $5,000. The plaintiff brought his action against the defendants to recover compensation for injuries sustained by him as a result of the accident.

The case came on for trial January 20th, 1927, and resulted in a verdict of $2,500 in favor of the plaintiff against the defendants. Upon a rule to show cause to this court, the verdict was set aside on the ground that the damages were excessive, and a *venire de novo* was ordered to the end that a new trial be had on the question of damages only.

A new trial was had on the 24th day of April, 1928, which trial resulted in a verdict of $5,000. This verdict is now before the court on a rule to show cause why it should not be set aside.

For the defendants it is argued that the verdict is excessive. The position taken by counsel of defendant is that this court having set aside the verdict of $2,500 as excessive, *ergo,* a verdict for $5,000 must be palpably excessive.

Referring to the opinion filed by this court on the first rule to show cause, it appears that it was induced to set the verdict aside because plaintiff did not produce any of the three physicians who attended him, and there was a paucity of testimony as to the character of the injuries he received, and as to their permanency.

In the instant case, the plaintiff produced the physician who attended him on the day he was injured, and who testified that the plaintiff was brought into the former's office in a semi-conscious condition, and that he had a lacerated wound of the forehead, over the left eye; that he had two lacerated wounds and also had a slight laceration under the left lower jaw, and had contusions of the right shoulder, arm

and side; that he sewed up the lacerated wounds over the forehead and sent him to the hospital; that he did not see the plaintiff again until about two weeks before the second trial and found he had two jagged scars over the left eye, and a linear scar or line under the angle of the lower jaw, and that both scars were quite prominent and were permanent. He further testified that he examined the right shoulder of the plaintiff and found "a marked restriction of the right shoulder of its motions, abduction and external and internal rotation of the shoulder, to get your arm in back of your neck. The motion was entirely restricted except about thirty per cent. movement outward of the shoulder joint."

There was also testimony of an X-ray specialist, Dr. Klein, who testified that as a result of his examination of the plaintiff, while the latter was at the hospital, and after having examined him several times, that at the initial examination there was a limitation of motion in the right shoulder, and that upon examination made since then, he found that the limitation had increased. The first X-ray was taken on the day the plaintiff was injured, and the rest of the examinations taken at different times since then.

We gather from a fair reading of the testimony that it tends to establish that the plaintiff is suffering from permanent injuries which did not satisfactorily appear at the first trial, but do so now.

The plaintiff was about forty-nine years old at the time of the accident, is a painter by trade, and, therefore, his ability to earn money in the exercise of his vocation, by reason of his injuries, has been considerably impaired.

The rule to show cause is discharged, with costs.